**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**SALISBURY DIVISION**

CANDY FRYE,                    )

                           )

       Plaintiff,            )

                           )     No.     1:10-cv-821

       vs.                   )

                           )

JON BARRY & ASSOCIATES, INC.,  )     **JURY DEMAND ENDORSED HEREON**

                           )

       Defendant.         )

## COMPLAINT

NOW COMES the Plaintiff, CANDY FRYE, by and through her attorney, M. LYNETTE HARTSELL, and for her Complaint against the Defendant, JON BARRY & ASSOCIATES, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

### JURISDICTION AND VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3.     Plaintiff is an individual who was at all relevant times residing in China Grove, North Carolina.

4.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.     On information and belief, Defendant is a corporation of the State of North Carolina which has its principal place of business in Concord, North Carolina.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7.     On or about January 10, 2010, Defendant's representatives and/or employees, including but not limited to individuals who represented themselves as Jonathan (last name unknown), Alisha (last name unknown), Alex (last name unknown), Brett, (last name unknown), and Melissa (last name unknown) began contacting Plaintiff by telephone multiple times per day in attempts to collect the aforementioned alleged debt.

8.     At times, Defendant's representatives and/or employees contacted Plaintiff by telephone on almost a daily basis, sometimes calling as many as five (5) to six (6) times per day, from January of 2010 through March of 2010 in attempts to collect the alleged debt.

9.     During one the of the aforementioned telephone conversations, Defendant's representative and/or employee used obscene, profane and/or abusive language with Plaintiff, including but not limited to stating that if Plaintiff had not survived her medical procedure (which was the basis for which the alleged debt was incurred), his company could have collected the money from Plaintiff's life insurance company.

2

10.     On or about January 18, 2010, Defendant mailed a letter to Plaintiff threatening to report the alleged debt to all three credit reporting agencies if Plaintiff did not pay the alleged debt.  This threat overshadowed and/or was inconsistent with Plaintiff's right to dispute the debt or to request the name of the original creditor, as set forth in said letter.  A copy of said letter is attached hereto as Exhibit 1.

11.     Moreover, on at least two occasions, including but not limited to on or about April 14, 2010, Plaintiff mailed a letter to Defendant requesting for all communications from Defendant to cease.  A copy of said letter is attached as Exhibit 2.

12.     Nonetheless, Defendant's representatives and/or employees continued to contact Plaintiff in attempts to collect the alleged debt.

13.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

     a.     Continuing to communicate with Plaintiff after Defendant was notified in writing that she wished for Defendant to cease further communication with her, in violation of 15 U.S.C. § 1692c(c);

     b.     Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

     c.     Causing a telephone to ring or engaging Plaintiff in telephone conversation with such frequency as to constitute harassment, in violation of 15 U.S.C. § 1692d(5);

     d.     Participating in collection activities which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt or to request the name

and address of the original creditor, in violation of 15 U.S.C. § 1692g(b) and

e.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, CANDY FRYE, respectfully prays for a judgment against Defendant as follows:

a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies
Engaged in the Collection of Debts from Consumers Statute)

15.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16.    In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

a.    Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of N.C. Gen. Stat. 58-70-100(1);

4

b.    Causing a telephone to ring or engaging Plaintiff in telephone conversation with such frequency as to constitute harassment, in violation of N.C. Gen. Stat. § 58-70-100(3); and

c.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

17.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, CANDY FRYE, respectfully prays for a judgment against Defendant as follows:

a.    Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 493-0770, ext. 305
(866) 551-7791 fax
Lynette@LuxenburgLevin.com